**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

MAVERICK RECORDING COMPANY, a California joint venture; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,

        Plaintiffs,

v.

Case No.: 1:06-cv-00187-SPM-AK

FRANCESCA RESTEA,

        Defendant.

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiffs' Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1. Plaintiffs' Application For Default Judgment By The Court is hereby granted.

2. Plaintiffs seek the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the six sound recordings listed in Exhibit A to the Complaint. Accordingly, having been adjudged to be in default, Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Four Thousand Five Hundred Dollars ($4,500.00).

3. Defendant shall further pay Plaintiffs' costs of suit herein in the amount of Six Hundred Ten Dollars ($610.00).

4. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

1. "My Own Summer," on album "Around The Fur," by artist "Deftones" (SR# 244-493);

2. "Intergalactic," on album "Hello Nasty," by artist "Beastie Boys" (SR# 277-731);

3. "I Hope You Die," on album "Hooray For Boobies," by artist "Bloodhound Gang" (SR# 278-185);

4. "Shadowboxer," on album "Tidal," by artist "Fiona Apple" (SR# 227-923);

5. "Ball Tongue," on album "Korn," by artist "Korn" (SR# 201-939);

6. "Circles," on album "Morning View," by artist "Incubus" (SR# 306-181);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful

license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

      DONE AND ORDERED this 30th day of August, 2007.

                    *s/ Stephan P. Mickle*
                    Stephan P. Mickle
                    United States District Judge